**MEI JUAN LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–4525–ag.

United States Court of Appeals, Second Circuit.

May 16, 2008.

Tina Howe, Law Offices of Wong & Partners, New York City, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Juan Lin, a native and citizen of the People's Republic of China, seeks review of the October 4, 2007 order of the BIA denying her motion to reopen. *In re Mei Juan Lin,* No. A77 643 156 (B.I.A. Oct. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we deem abandoned any challenge to the agency's denial of Lin's motion to file a successive asylum application, as she has failed to raise that claim in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. With limited exceptions, a

party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, the Board issued its final order of removal in October 2002 and Lin did not submit her second motion to reopen until April 2007. Accordingly, the BIA did not abuse its discretion in determining that Lin's motion to reopen was untimely and number barred. *See* 8 C.F.R. § 1003.2(c)(2); *see also Kaur*, 413 F.3d at 233–34.

■ The BIA also properly found that Lin's motion did not qualify for the changed country conditions exception set forth at 8 C.F.R. § 1003.2(c)(3)(ii). It is well-settled that the birth of U.S. citizen children is a changed personal circumstance and is insufficient to show changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–131 (2d Cir.2005); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–274 (2d Cir.2006). Thus, the BIA properly found that Lin did not demonstrate changed conditions in China that would excuse the untimely filing of her second motion. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Kaur*, 413 F.3d at 233–34.

■ Furthermore, the BIA did not abuse its discretion in declining to reopen Lin's proceedings on the basis of a purported notice for sterilization. The BIA properly deemed this unauthenticated evidence suspect where the IJ had made an adverse credibility determination in the underlying proceeding and further found that Lin had submitted a fraudulent abortion certificate in support of her claim. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–147 (2d Cir.2007) (finding no abuse of discretion in the BIA's refusal to credit an unauthenticated notice offered by an applicant in support of his motion to reopen where he had been found not credible in the underlying proceedings); *see also Siewe v. Gonzales*, 480 F.3d 160, 170–171 (2d Cir.2007).

■ Finally, we find no merit in Lin's argument that her motion is exempt from the time bar governing motions to reopen because of a change in "applicable U.S. law." *See* 8 C.F.R. § 208.4(a)(4)(i)(B). Because Lin's motion to reopen was untimely, only changed country conditions could justify reopening. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Even if a change in law could merit reopening, Lin demonstrated no such change. To support her argument, Lin primarily cites unpublished summary orders that have no precedential effect. *See* Second Circuit Local Rule § 32.1. Lin's citation to a published decision, *Tian Ming Lin*, is equally unpersuasive because we noted in that case that we granted the petition for review "because both parties ask[ed] us to remand." *See Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 54 (2d Cir.2007). The Government does not seek remand here. Thus, Lin's argument regarding a change in law is without merit.[1]

For the foregoing reasons, the petition for review is DENIED. As we have com-

---

1. The serious deficiencies in the representation provided by Lin's attorney, Tina Howe, compel us to express our concern. Howe's briefing in this case was of poor quality. Among other defects, she waived any challenge to the agency's denial of Lin's successive asylum application, made a nearly unintelligible argument that the "impact" of Lin's children constituted a changed country condition, and cited to summary orders from 2005 in violation of Second Circuit Local Rule § 32.1. Counsel is warned that continuing conduct of this nature could result in the initiation of disciplinary proceedings against her. *See* Fed. R.App. P. 46(b), (c).

pleted our review, the pending motion for a stay of removal in this petition is DE-NIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).