11-187-ag
Huang v. Holder

BIA
Chew, IJ
A088 379 306

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand twelve,

PRESENT:
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>DENNY CHIN,
>>*Circuit Judges.*

_____

ZHENHUA HUANG,
>*Petitioner,*

>v.                                    11-187-ag
>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:       Tina Howe, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhenhua Huang, a native and citizen of the People's Republic of China, seeks review of a December 21, 2010, decision of the BIA reversing the May 7, 2009, decision of immigration judge ("IJ") George T. Chew, granting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhenhua Huang*, No. A088 379 306 (B.I.A. Dec. 21, 2010), *rev'g* No. A088 379 306 (Immig. Ct. N.Y. City May 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Huang has failed to sufficiently challenge the BIA's denial of CAT relief before this Court, we deem

any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

**I.    Family Planning Claim**

Substantial evidence supports the BIA's determination that Huang failed to establish his eligibility for relief based on his claim of other resistance to China's family planning policy.  As Huang acknowledges, the BIA correctly concluded that he was not eligible for asylum solely on the basis of his wife's forced abortion.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007). Nevertheless, even though Huang was not *per se* eligible for asylum based on his wife's forced abortion, he could still qualify for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance.  *See id.* at 313; 8 U.S.C. § 1101(a)(42); *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

In this case, the BIA did not err in finding that Huang failed to demonstrate that he was persecuted based on his other resistance to the family planning policy because his minor beating, absent aggravating factors such as detention

3

or resulting injuries, did not rise to the level of persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). Contrary to Huang's argument, the BIA properly considered the context of the beating in making this finding. *See id*. Moreover, the BIA did not err in relying on Huang's hospital report to find that he did not sustain injuries as a result of the beating when he did not offer proof to the contrary. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion).

The BIA also reasonably determined that Huang failed to establish that his fear of being imprisoned, sterilized, and fined if he returned to China was objectively reasonable because his similarly situated wife had remained in China without being subjected to imprisonment or abuse, and he had not yet violated the family planning policy by having a second child. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding applicant's claim of well-founded fear weakened when his mother and daughters continued to live in his native country); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record for [an applicant's]

4

assertion that he will be [persecuted], his fear is speculative at best."). Huang also failed to provide proof that any fine imposed would amount to economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Substantial evidence therefore supports the BIA's determination that Huang failed to demonstrate past persecution or a well-founded fear of persecution based on his other resistance to China's family planning policy. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*, 562 F.3d at 513.

**II. Political Opinion Claim**

Huang argues that he demonstrated eligibility for asylum and withholding of removal based on his opposition to a corrupt village leader. Asylum eligibility requires that the persecution an applicant suffered or fears be on account of his race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42). Although retaliation for opposition to government corruption may constitute persecution on account of a political opinion, a persecutor's suppression of an individual's challenge to isolated, aberrational acts of greed will not. *Yueqing Zhang*, 426 F.3d at 548. Here, Huang testified that the town government ordered the corrupt village leader to return the

5

extorted monies to his employer and apologize. Because the village leader committed extortion without permission or acquiescence by the government, the BIA reasonably found that Huang's opposition to the leader's practices did not constitute a political opinion. *See id.*

The BIA also reasonably found speculative that the village leader would retaliate against Huang based on a protected ground, and, consequently, that Huang did not establish a well-founded fear of future persecution. *Jian Xing Huang* , 421 F.3d at 129. Accordingly, substantial evidence supports the BIA's determination that Huang did not establish eligibility for asylum or withholding of removal on account of his political opinion. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*, 562 F.3d at 513.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).[1]

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk

---

[1] We note our concern with the poor quality of the brief filed by Huang's counsel, Tina Howe. The brief contained a number of substantive, grammatical, and typographical errors, including: (1) mischaracterizing the extent and nature of the BIA's reliance on *In re T-Z-*, 24 I. & N. Dec. 163 (B.I.A. 2007), and *Beskovic v. Gonzales*, 467 F.3d 223 (2d Cir. 2006); and (2) failing to provide citations or providing incomplete citations (providing incorrect citation for *Haitian Refugee Center v. Smith*, and not providing pincites for *In re T-Z-*). Since Howe has already been warned about her deficient briefing, *see, e.g.*, *Mei Juan Lin v. U.S. Att'y Gen.*, 278 F. App'x 37, 39 n.1 (2d Cir. 2008) (unpublished opinion); *Su Ying Wen v. U.S. Att'y Gen.*, 309 F. App'x 427, 429 n.3 (2d Cir. 2008) (unpublished opinion), we refer the present matter to this Court's Grievance Panel.