11-186-ag
Chen v. Holder

BIA
Mulligan, IJ
A088 775 616

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
      RALPH K. WINTER,
      REENA RAGGI,
      SUSAN L. CARNEY,
            *Circuit Judges.*
_____

SHAO MING CHEN,
            *Petitioner,*

            v.                                    11-186-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Tina Howe, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ada E. Bosque, Senior
                       Litigation Counsel; Matthew A.
                       Spurlock, Attorney, Office of
                       Immigration Litigation, U.S.
                       Department of Justice, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals's ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shao Ming Chen, a native and citizen of the People's Republic of China, seeks review of the BIA's December 28, 2010, decision affirming the August 13, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Shao Ming Chen*, No. A088 775 616 (B.I.A. Dec. 28, 2010), *aff'g* No. A088 775 616 (Immig. Ct. N.Y. City Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision together with the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain

2

that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For asylum applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on, *inter alia*, an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163, 164 & n.2, 165.

Here, substantial evidence supports the agency's adverse credibility determination. In finding Chen not credible, the IJ reasonably relied in part on Chen's demeanor, noting that she appeared to testify from a script and that she became "anxious" when confronted about inconsistencies in her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to the IJ's demeanor finding, especially where, as in this case, the finding is supported by specific examples of inconsistencies in Chen's evidence. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The IJ noted (for example) that, contrary to Chen's testimony that her mother and father were detained, the letters from her parents did not mention any such detention. Accordingly, we find no error in the agency's denial of Chen's application for asylum,

3

withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note our concern with the poor quality of the brief filed by Chen's counsel, Tina Howe.  The brief contained a number of substantive, grammatical, and typographical errors, including: (1) quoting a Third Circuit case, *Yun Jun Cao v. Att'y Gen. of the U.S.*, but attributing the quotation to a Second Circuit case with a similar name, *Cao He Lin v. U.S. Dep't of Justice*, *see* Petitioner's Brief ("PB") at 16-17; (2) copying and pasting irrelevant text into the brief relating to Falun Gong, although this case concerned a claim based only on Christianity, *see id.* at 17-18; (3) providing incorrect pin cites to the record and cited cases, *see id.* at 7, 11, 14, 16-17; and (4) listing cases in the table of contents that are not subsequently cited in the text, and vice-versa, *see id.* at 3, 14, 16 (citing *I.N.S. v. Elias-Zacarias; N.L.R.B. v. Columbian Enameling and Stamping Co.; Bandari v. I.N.S.; Rizal v. Gonzales;* and *Li v. Mukasey*).  Since Howe has already been warned about her deficient briefing, *see, e.g., Mei Juan Lin v. U.S. Att'y Gen.*, No. 07-4525-ag; *Su Ying Wen v. U.S. Att'y Gen.*, No. 07-3915-ag, we refer the present matter to this Court's Grievance Panel.

4